UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DALE R. ENGLISH and ALEKSANDRA ROMANCHEVA,

Petitioners,

v.

MARCO RUBIO, *in his official capacity Secretary, Department of State*; KRISTI NOEM, *in her official capacity Secretary, Department of Homeland Security*; KIKA SCOTT, *in her official capacity Director, United States Citizenship and Immigration Service*; CONNIE NOLAN, *in her official capacity USCIS Associate Director, Service Center Operations Directorate*,

Respondents.

Case No.: 25-CV-563 TWR (MMP)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

(ECF No. 9)

Presently before the Court is Respondents Marco Rubio, Krisi Noem, Kika Scott, and Connie Nolan's Motion to Dismiss Petition for Writ of Mandamus ("Mot.," ECF No. 9), as well as Petitioners Dale English and Aleksandra Romancheva's Response in Opposition to ("Opp'n," ECF No. 13) and Respondents' Reply in Support of ("Reply," ECF No. 14) the Motion. Having carefully reviewed the Petition for Writ of Mandamus

("Pet.," ECF No. 1), the Parties' arguments, and the relevant law, the Court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** the Petition as follows.

## BACKGROUND

Petitioner English is a United States citizen who submitted an I-129F petition for his fiancée, Petitioner Romancheva, a noncitizen, on October 13, 2022. (Mot. at 6.) On February 6, 2024, Petitioner Romancheva appeared for a consular interview at the U.S. Embassy in Warsaw, Poland. (*Id.* at 7.) On that day, she executed an application for a K-1 visa, which was refused under INA § 221(g) on the grounds that she had failed to demonstrate her eligibility for the visa and that additional screening was required. (*Id.*) As of May 23, 2025, the security screening was still ongoing, and Petitioner Romancheva's K-1 visa application remains refused. (*Id.*)

On March 10, 2025, Petitioners filed a Petition for Writ of Mandamus against Respondents. (*See generally* Pet.) On May 27, 2025, Respondents filed the instant Motion. (*See generally* Docket.) On July 3, 2025, Petitioners filed their Opposition, and on July 23, 2025, Respondents filed their Reply. (*See id.*)

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(1)

A party may challenge the court's subject matter jurisdiction through a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White*, 227 F.2d at 1242. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039; *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof[]'" and "prov[e] by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). "With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121–22 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Thornhill Publ'g*, 594 F.2d at 733). "The caveat is that a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Id.* at 1122 n.3 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine*, 704 F.2d at 1077).

## II. Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

/ / /

theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

/ / /

/ / /

## ANALYSIS

In the Petition, Petitioners claim that Respondents owe them a non-discretionary duty to complete adjudication of their visa application and that the fulfillment of this duty is unreasonably delayed such that it is actionable under both Section 706(1) of the Administrative Procedure Act (APA) and the Mandamus Act, 28 U.S.C. § 1361. (*See generally* Pet.) Respondents argue that the Petition should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot.) The Court addresses each argument in turn.

### I. Subject Matter Jurisdiction

In support of their argument that the Petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), Respondents contend that subject matter jurisdiction for the APA and Mandamus claims is lacking because the government does not have a mandatory, non-discretionary duty to further process a refused K-1 visa application. (Mot. at 10.) As articulated by the Supreme Court in *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004), "[a] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." In the context of a K-1 visa application, such an action would be the rendering of a final decision on the visa application. *See Rivas v. Napolitano*, 714 F.3d 1108, 1110 (9th Cir. 2013). Respondents argue that, because the K-1 visa application was already refused under § 221(g), the government has fulfilled its duty to Petitioners and no further processing is mandated.

Contrary to Respondents' assertions, a § 221(g) refusal is not a final decision. *See Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997) ("Most importantly, it is not a final decision . . . the consulate is holding the visa applications in abeyance."); *see also Morales v. Mayorkas*, No. 23-CV-1758 BEN (MSB), 2024 WL 2884554 at *2 (S.D. Cal. June 7, 2024) ("[A]n initial consular refusal setting the stage for additional administrative processing is typically part of the visa application process. It is not a final decision.").

Because the agency has not yet made a final decision on Petitioners' visa application, the Court has subject matter jurisdiction over the Petition and **DENIES** the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. Failure to State a Claim Under the APA and Mandamus Act

Petitioners challenge the agency inaction under both Section 706(1) of the Administrative Procedure Act (APA) and the Mandamus Act, 28 U.S.C. § 1361. Under the APA, a court shall "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). Similarly, under the Mandamus Act, courts have the power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Although the exact interplay between these two statutory schemes has not been thoroughly examined by the courts, the Supreme Court has construed a claim seeking mandamus under [the Mandamus Act], 'in essence,' as one for relief under § 706 of the APA.'" *Indep. Min. Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Where a plaintiff seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze both claims under the APA only. *See, e.g., Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022); *see also Castaneda v. Garland*, 562 F. Supp. 3d 545, 561 (C.D. Cal. 2021).

To sufficiently state a claim under Federal Rule of Civil Procedure 12(b)(6), Petitioners must plausibly allege that an agency's delay is unreasonable. In determining whether a delay is unreasonable, courts employ the six-factor test delineated in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022). The six *TRAC* factors are:

> "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable . . . [it] may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) . . . the effect of expediting delayed action on agency activities of a higher or competing priority; (5) . . . the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking

> behind agency lassitude in order to hold that agency action is unreasonably delayed."

*TRAC*, 750 F.2d at 80.

Petitioners contend that it is too early in the litigation for a *TRAC* analysis. (Opp'n at 17–18.) There is no binding case law on this issue, and courts within this district are split. *See Salarian v. Blinken*, No. 23-CV-1316-LL-BJC, 2024 WL 4008758 at *4 (S.D. Cal. Aug. 30, 2024) (declining to apply test until further briefing and discovery); *Salihi v. Blinken*, No. 23-CV-718-MMA-AHG, 2023 WL 8007348 at *7 (S.D. Cal. Nov. 17, 2023) ("The ultimate determination of whether the *TRAC* factors are satisfied is not capable of resolution on the pleadings and without further evidence and briefing."); *Morales*, 2024 WL 28845554 at *3–*4 (applying *TRAC* test at motion to dismiss stage); *Jazi v. Rubio*, No. 25-CV-27 BEN, 2025 WL 1222499 at *3–*4 (S.D. Cal. April 25, 2025) (same). While the "[r]esolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court," *Salihi*, 2023 WL 8007348 at *7, courts proceed on a case-by-case basis, using the *TRAC* analysis to grant dismissals of cases which fail to present plausible claims.

### *A. Rule of Reason*

The first *TRAC* factor prescribes that the time taken by the agency be governed by a rule of reason. This factor is considered to be the most important. *Morales*, 2024 WL 2884554 at *3. "Generally, courts have found 'immigration delays in excess of five, six, [and] seven years are unreasonable, while those between three to five years are often not unreasonable.'" *Id.* (quoting *Ortiz v. U.S. Dep't of State*, No. 1:22-CV-00508-AKB, 2023 WL 4407569 at *8 (D. Idaho July 7, 2023)). The delay is timed to start with the interview, not the initial filing of the visa petition. *Id.* Nineteen months have elapsed since the Petitioners' interview in February 2024. (Opp'n at 2.) A delay of this length was found to favor the defendants in *Morales*, 2024 WL 2884554 at *3, and similarly favors Respondents here.

/ / /

**B. *Congressional Timetable***

The second *TRAC* factor asks whether Congress has established a timeline for agency action which might illuminate whether a rule of reason is being followed. As Petitioners indicate, 8 U.S.C. § 1571(b) provides that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." However, this passage has been interpreted by the Ninth Circuit as a "precatory" provision that does not "create individual rights or . . . any enforceable law." *Orkin v. Taylor*, 487 F.3d 734, 739 (9th Cir. 2007). Moreover, courts in this district considering § 221(g) refusals have found this factor to be neutral, as the preliminary refusal represents some level of adjudication. *See Morales*, 2024 WL 2884554 at *4; *see also Jazi*, 2025 WL 1222499 at *3. This factor favors neither Petitioners nor Respondents.

**C. *Health and Welfare Implications and Prejudice***

The third and fifth *TRAC* factors respectively state that "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake" and that "the court should also take into account the nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80. These factors overlap significantly and are often treated together. *E.g.*, *Morales*, 2024 WL 2884554 at *4; *Jazi*, 2025 WL 1222499 at *3. Petitioners are correct that family separation is indeed a hardship implicating human health and welfare, and has been recognized as such in this district. *See, e.g.*, *Morales*, 2024 WL 2884554 at *4. However, this hardship must be weighed against the interests of the others whose applications will be delayed if Petitioners are given immediate attention. *Morales*, 2024 WL 2884554 at *4. This is so even if Petitioners are correct that applications are not processed according to a strict first-in, first-out queue, as applicants who otherwise would have been processed would inevitably be delayed. (Opp'n at 23.) The Court finds these factors to be neutral.

/ / /

/ / /

***D. Effect of Expediting on Other Priorities***

When evaluating the fourth *TRAC* factor, courts consider whether the delay stems from a "resource-allocation issue," such that mandamus relief would "put [Petitioner] at the head of the queue[,] simply moving all others back one space, producing no net gain." *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022) (alterations adopted) (quoting *In re Barr Labs, Inc.*, 930 F.2d 72, 75–76 (D.C. Cir. 1991)). In similar cases, courts have found the fourth *TRAC* factor weighs heavily in the government's favor. *E.g.*, *Davila v. Cohen*, No. 23-CV-1532 JLS (BLM), 2024 WL 711618, at *8 (S.D. Cal. Feb. 21, 2024) (considering 10-month delay in processing I-130 visa petition); *see also Skalka v. Kelly*, 246 F. Supp. 3d 147, 154 (D.C. Cir. 2017) (holding that processing visa applications is "the very type of agency action that if compelled would presumably delay other adjudications"). "[W]here an agency's progress on one individual's application would necessarily negatively impact another application, courts have held that plaintiffs' recourse is with Congress, not the courts." *Liu v. Denayer*, No. 21-CV-6653-DMG-MRW, 2022 WL 17370527 at *5 (C.D. Cal. July 18, 2022) (considering 18-month delay in processing an I-485 application). The fourth factor weighs in favor of Respondents.

***E. Bad Faith***

The sixth factor, bad faith, is "not really a 'factor, but merely a confirmation that agency delay need not be intentional to be unreasonable.'" *Morales*, 2024 WL 2884554 at *4 (quoting *Feng v. Beers*, No. 2:13-CV-02396 JAM, 2014 WL 1028371, at *5 (E.D. Cal. Mar. 14, 2014)). In similar cases wherein there is no evidence of bad faith on the part of the agency, this factor has been found to be neutral. *See, e.g.*, *id.*

## CONCLUSION

Although the Court has subject matter jurisdiction over the Petition, Petitioners have failed to plead a plausible APA or mandamus claim, as all *TRAC* factors are either neutral or favor Respondents. Respondents' Motion is therefore **DENIED** pursuant to Federal Rule of Civil Procedure 12(b)(1) and **GRANTED** pursuant to Federal Rule of Civil

/ / /

Procedure 12(b)(6), and the Petition is **DISMISSED WITHOUT PREJUDICE** in its entirety.

**IT IS SO ORDERED.**

Dated: September 19, 2025

Honorable Todd W. Robinson
United States District Judge